UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHRISTOPHER PEMENTAL,
    Plaintiff,

v.

SEDGWICK CLAIMS MANAGEMENT
SYSTEMS, INC, et al.,
    Defendants.

C.A. No. 14-45-M

**MEMORANDUM AND ORDER**

JOHN J. McCONNELL, JR., United States District Judge.

Plaintiff Christopher Pemental filed a complaint in the Superior Court of Rhode Island, Providence County, asserting a "Claim for Trespass on the Case" against Defendants Sedgwick Claims Management Systems, Inc. ("Sedgwick"); Scott Sturm; Tony Hunt; Christine Holz; Ericka McGrew; Liz Walker; and Lawrence Burnstein.[1] Sedgwick removed the case to this Court based on 28 U.S.C. §§ 1331, 1441. (ECF No. 1.) This matter is before the Court on Sedgwick's Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 7.) Sedgwick argues that Mr. Pemental's claim is preempted by the Employee Retirement Income Security Act ("ERISA") and his Complaint does not plead sufficient facts that would grant him relief under ERISA. (ECF No. 7-1 at 1.) Mr. Pemental counters that his claim is not an ERISA claim because it does not involve a claim for "benefits," but rather involves a claim for "relief sought" as a result of fraud by the Defendants. (ECF No. 9 at 1.)

---

[1] Mr. Pemental did not serve the individually named defendants within 120 days after he filed the complaint, and therefore this Court dismisses without prejudice the action against the individual defendants. Fed. R. Civ. P. 4(m).

I.  FACTS

While the complaint is sparse in its factual assertions, it appears that Mr. Pemental worked for Walgreen Co. ("Walgreen"), who offered him a short- and long-term disability plan named Walgreen Disability Income Protection Plan for Pharmacists and Registered Nurses ("the Plan" or "Long Term Disability contract"). (ECF No. 1-3 at 17.) Walgreen paid the cost of the Plan. *Id.* Mr. Pemental was a participant in the Plan and applied for disability benefits thereunder.

Mr. Pemental contends that Sedgwick began processing his claim for disability on June 22, 2012.[2] (ECF No. 1-1 at 5.) After Mr. Pemental submitted the required treatment information, Sedgwick approved his claim. *Id.* Mr. Pemental further asserts that all the necessary medical records were submitted to Sedgwick and his medical condition remained unchanged. *Id.* At some point, Sedgwick requested "clarification and detailed information regarding the treatment," and Mr. Pemental "promptly provided the documentation." *Id.* Shortly thereafter, on September 18, 2013, Mr. Pemental was notified that his disability payments would cease. *Id.* Despite Mr. Pemental making all required payments for the Long Term Disability contract, he alleges that Sedgwick "broke the Long Term Disability contract by denying the claim for disability benefits despite having adequate and proper documentation of [his] essentially unchanged medical condition." *Id.* Mr. Pemental appealed Sedgwick's termination of his disability benefits but that appeal was denied. *Id.*

In his complaint, Mr. Pemental seeks restitution for "harm, loss and injury." *Id.* Specifically, Mr. Pemental seeks $10,000 in damages from each defendant for "infliction of

---

[2] The facts are taken from Mr. Pemental's complaint and are assumed to be true for the purposes of evaluating Sedgwick's motions to dismiss. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

2

emotional distress and financial harm;" "general damages" in the amount of $70,000; "loss of benefits in the amount of $5,178.34 per month with treble damages in the sum of $15,535.02 per month;" interest and costs. *Id.*

## II. STANDARD OF REVIEW

The Court construes pleadings of a *pro se* plaintiff "liberally." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court "must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," or it will be dismissed. *García–Catalán v. United States*, 734 F.3d 100, 102 (1st Cir. 2013). The plaintiff need not demonstrate that she is likely to prevail, but her claim must suggest "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. A complaint that states "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," will not suffice. *Id.* (citing *Twombly,* 550 U.S. at 555). Therefore, a court should dismiss a case when a plaintiff fails to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570.

Generally, under a Rule 12(b)(6) motion to dismiss, if the Court examines documents outside the complaint, the Rule 12(b)(6) motion is converted into a motion for summary judgment. *See Trans–Spec Truck Serv., Inc. v. Caterpillar Inc.*, 524 F.3d 315, 321 (1st Cir.

2008). However, "[w]hen . . . a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Id.* (quoting *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16-17 (1st Cir. 1998)). Mr. Pemental's complaint not only relies upon the Plan, but also references it extensively; therefore, the Plan is incorporated by reference into the complaint and this Court will consider it without converting the pending motion to dismiss into a motion for summary judgment.

### III. ANALYSIS

Sedgwick seeks dismissal because the Plan is governed by ERISA, and therefore Mr. Pemental's claims in this case are preempted. (ECF No. 7-1 at 1; 3-4). Further, the relief sought in Mr. Pemental's complaint cannot be obtained through an ERISA action. (ECF No. 7-1 at 5-6.) Mr. Pemental responds that the Plan and this case are not governed by ERISA, but that his complaint asserts state law claims entitling him to relief because his claims are for "damages" that arose out of Sedgwick's fraudulent activity. (ECF No. 12 at 3-4.) This Court finds that ERISA does govern the Plan, ERISA preempts Mr. Pemental's state law claims, and he has not pled sufficient facts to entitle him to relief under ERISA.

#### A. ERISA Preemption

The First Circuit has held that "ERISA only preempts state laws to the extent that they 'relate to any employee benefit plan' governed by ERISA." *Colonial Life & Acc. Ins. Co. v. Medley*, 572 F.3d 22, 29 (1st Cir. 2009) (citing 29 U.S.C. § 1144(a)). Therefore, "[e]xpress ERISA preemption analysis . . . involves two central questions: (1) whether the plan at issue is an 'employee benefit plan' [within ERISA] and (2) whether the cause of action 'relates to' this

4

employee benefit plan." *Medley*, 572 F.3d at 29 (citing *Hampers v. W.R. Grace & Co., Inc.*, 202 F.3d 44, 49 (1st Cir. 2000)).

The Court must decide whether the plan at issue is an employee benefit plan. The First Circuit has explained that an employee benefit plan governed by ERISA has five elements:

> (1) a plan, fund or program (2) established or maintained (3) by an employer or by an employee organization, or by both (4) for the purpose of providing medical, surgical, hospital care, sickness, accident, disability, death, unemployment or vacation benefits, apprenticeship or other training programs, day care centers, scholarship funds, prepaid legal services or severance benefits (5) to participants or their beneficiaries.

*Gross v. Sun Life Assur. Co. of Canada*, 734 F.3d 1, 6 (1st Cir. 2013). "The crucial factor in determining if a 'plan' has been established is whether the purchase of the insurance policy constituted an expressed intention by the employer to provide benefits on a regular and long term basis." *Wickman v. Nw. Nat'l Ins. Co.*, 908 F.2d 1077, 1083 (1st Cir. 1990). This analysis is done through the perspective of a reasonable person. *Gross*, 734 F.3d at 6. "[A] plan, fund or program under ERISA is established if from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Wickman*, 908 F.2d at 1082 (internal citations omitted).

Here, the Plan is an employee benefit plan. An examination of the Plan shows that it is a short- and long-term disability plan that was established and sponsored by Walgreen Co., and maintained by Sedgwick to provide disability benefits to its participants. (ECF No. 1-3 at 13-17.) Moreover, ERISA expressly governs the Plan. Numerous times throughout the Plan, it references ERISA, stating "[t]he claims procedures described below are prescribed by a federal law called the Employee Retirement Income Security Act of 1947," *id.* at 13; the Plan's participants are "entitled to certain rights and protection under the Employee Retirement Income Security Act of 1974, as amended (ERISA)," *id.* at 15; and enumerates the rights afforded under

ERISA. *Id.* Additionally, a reasonable person would be able to ascertain intended benefits, beneficiaries, the source of financing, and procedures for receiving benefits because Mr. Pemental previously received benefits, had knowledge regarding the appeals process, and calculated his exact loss of benefits. (ECF No. 1-1 at 5-6.)

Since the Plan is an ERISA employee benefit plan, the next question is whether it "relates to" the cause of action. *See Medley*, 572 F.3d at 29. The First Circuit has "consistently held that a cause of action 'relates to' an ERISA plan when a court must evaluate or interpret the terms of the ERISA-regulated plan to determine liability under the state law cause of action." *Hampers*, 202 F.3d at 52; *see also McMahon v. Digital Equip. Corp.*, 162 F.3d 28, 38 (1st Cir. 1998); *Boston Children's Heart Found., Inc. v. Nadal-Ginard*, 73 F.3d 429, 440 (1st Cir. 1996); *Carlo v. Reed Rolled Thread Die Co.*, 49 F.3d 790, 793-94 (1st Cir. 1995); *Vartanian v. Monsanto Co.*, 14 F.3d 697, 698-99 (1st Cir. 1994). In the same vein, the First Circuit has further held that "ERISA preempts state law causes of action for damages where the damages must be calculated using the terms of an ERISA plan." *Hampers*, 202 F.3d at 52.

For example, in *Carlo*, a plaintiff brought a negligent misrepresentation claim against his former employer claiming that the employer made a misrepresentation concerning the extent of the benefits under the employer's retirement plan. *Carlo*, 49 F.3d at 794. The Court of Appeals held that the misrepresentation claim was preempted by ERISA because a calculation of damages would require the court's "inquiry [to] be directed to the plan." *Id.* Moreover, in *Vartanian*, the First Circuit held that a plaintiff's misrepresentation claim was preempted because in order to recover, the court would need to find that a plan existed. 14 F.3d at 700; *see also McMahon v. Digital Equip. Corp.*, 162 F.3d 28, 38 (1st Cir. 1998) ("[A] state law cause of

6

action is expressly preempted by ERISA where a plaintiff, in order to prevail, must prove the existence of, or specific terms of, an ERISA plan").

Here, Walgreen's ERISA employee benefit plan is related to Mr. Pemental's cause of action. He seeks payment of the plan's Long Term Disability Benefits, alleges a breach of contract when "Defendants broke the Long Term Disability contract," and challenges the denial of his claim. (ECF No. 1-1 at 4-5.) The only way for this Court to evaluate these claims or to grant any relief requested as to the payment of benefits, is to look to the terms of the Plan. Therefore, the Plan "relates to" the cause of action.

Mr. Pemental has pled an ERISA claim. He has established that Walgreen's Disability Plan is an employee benefit plan and that the Plan "relates to" his cause of action in the present case.

### B. Relief under ERISA

Since ERISA governs Mr. Pemental's claim, Rule 12(b)(6) of the Federal Rules of Civil Procedure requires this Court to determine if his claim is viable and supported by sufficient facts or requests for relief. Under this standard of review, this Court finds that Mr. Pemental has failed to state any claim upon which relief can be granted.

Relief under ERISA is limited to equitable relief. *See Mertens v. Hewitt Assoc.*, 508 U.S. 248, 255-61 (1993). Relief is limited to "those categories of relief that [are] *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Id.* at 256. The First Circuit has held that ERISA § 501(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), provides a remedy to "secure *benefits* under the plan rather than *damages* for a breach of the plan." *Hampers*, 202 F.3d at 51 (citing *Turner v. Fallon Cmty. Health Plan*, 127 F.3d 196, 198-200 (1st Cir. 1997)). Moreover, "the Supreme Court has stressed that ERISA does not create

compensatory or punitive damage remedies where an administrator of a plan fails to provide the benefits due under that plan." *Hampers*, 202 F.3d at 51. ERISA does not allow relief for "damages separate from the benefits to which the plan documents entitle the participants – such as emotional distress resulting from plan's failure to honor its obligations." *Evans v. Akers*, 534 F.3d 65, 73 (1st Cir. 2008); *see also Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 147 (1985) (holding that a plaintiff may not recover compensatory or emotional damages under an ERISA action).

Here, Mr. Pemental seeks "$10,000 per Defendant for infliction of emotional distress and financial harm"; general damages in the amount of $70,000; "[f]or loss of benefit in the amount of $5,178.34 per month with treble damages in the sum of $15,535.02 per month"; interest; court costs; and other such "further relief as the court may deem proper." (ECF No. 1-1 at 5-6.) Because these damages are compensatory and monetary relief, they are not permissible under ERISA. Since these damages are neither proper nor allowable relief in an ERISA action, Mr. Pemental has failed to state a claim upon which relief can be granted.

## IV. FRAUD

Mr. Pemental tries to avoid ERISA preemption by arguing that his claim is for fraud, not entitlement to benefits. (ECF No. 12 at 3.) He challenges the "outcome of Sedgwick's process to determine his Claim for Long Term Disability benefits, and this outcome is the malicious and fraudulent denial of the valid Long Term Disability Claim." *Id.* at 4. Due to this fraud, Mr. Pemental asserts that he "has the right, under due process of law to have his day in court, for the purpose of demonstrating the fraud." *Id.* at 3. Sedgwick asserts that even if Mr. Pemental was asserting a fraud claim, it would still be preempted by ERISA because the claim for fraud is "related to" the Plan. (ECF No. 10 at 5.) Because Mr. Pemental does not claim fraud in his

8

complaint, this argument is not properly before the court on a Rule 12(b)(6) Motion to Dismiss. However, in light of his *pro se* status, this Court will address Mr. Pemental's fraud argument, which appears in papers he subsequently filed with this Court. Despite these arguments, this Court finds that not only does ERISA preempt his fraud claim, but he also failed to meet the fraud requirements of Rule 9(b) of the Federal Rules of Civil Procedure.

### A. ERISA Preempts Fraud

As aforementioned, ERISA preempts all state claims that "relate to" the existence of the Disability Plan. *See* 29 U.S.C § 1144(a) ("any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"); *see also Medley*, 572 F.3d at 29. Here, Mr. Pemental's fraud claims are under the auspices of direct references to the Plan. He asserts that he is challenging the "outcome of Defendant's Sedgwick's process to determine his Claim for Long Term Disability benefits." (ECF No. 12 at 3.) Mr. Pemental challenges this "outcome" as a "malicious and fraudulent denial of Plaintiff's valid Long Term Disability Claim," a claim that is dependent upon the existence of the Plan. *Id*. Mr. Pemental is directly referencing the Plan, and for this Court to make any determination concerning fraud, this Court would need to make a determination as to the existence or validity of the plan. *See Vartanian*, 14 F.3d at 700. Therefore, the Plan is "related to" the cause of action and ERISA preempts Mr. Pemental's fraud claim.

### B. Rule 9(b) Particularity Requirement

Assuming Mr. Pemental's fraud claim was not preempted, it would still fail to meet the pleading requirements for fraud under Rule 9(b) of the Federal Rules Civil Procedure. Rule 9(b) requires that "a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged

generally." Mr. Pemental fails to include any specificity in pleading fraud. In fact, there are no allegations of fraud in the complaint. The only fraud allegation is in Mr. Pemental's objection. There, he claims that Sedgwick "committed fraud, by maliciously and fraudulently denying a valid Long Term Disability claim" and that his "claim is a fraudulent denial of a valid Long Term Disability claim due to fraud on the part of all Defendants." (ECF No. 9 at 1-2.) Consequently, even if Mr. Pemental's claim was not preempted by ERISA, he still failed to plead his fraud claim with the requisite specificity, so it must be dismissed.

## V. CONCLUSION

For the foregoing reasons, this Court finds that Mr. Pemental's claim is preempted by ERISA, he is not entitled to any requested relief, and he has failed to meet the requirements of Rule 9(b) of the Federal Rules of Civil Procedure. Therefore, Sedgwick's Motion to Dismiss (ECF No. 7) is GRANTED.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge
May 19, 2014